## JOSEPH MORRIS *vs.* JOSEPH R. BARKER.

In the action of slander the defendant's circumstances as to property cannot be given in evidence.

Under the general issue the defendant may prove previous reports of plaintiff's guilt, to reduce the damages, and disprove the malice.

Malice is the gist of the action.

The law implies malice from charges of an indictable character.

OCTOBER term, 1847. This was an action of slander for words. Plea, not guilty.

Plaintiff proved the slander and offered evidence of the defendant's circumstances. This was objected to, and insisted on; and, after

argument, was ruled out by the court. (2 *Greenl. Evid.* 222, § 269.)

*Mr. Cullen,* for the defendant, proposed to prove that there were general rumors in the neighborhood that plaintiff had done the act with which he was charged, and that the defendant repeated the rumor innocently, without malice. (3 *Steph. N. P.* 2579; 7 *Com. Law Rep.* 220; 1 *Camp. Rep.* 267-8; 10 *Com. Law Rep.* 321, 2 *Camp. N. P.* 251; 1 *M. & Selw.* 284.)

*Robinson, Layton* and *Bayard, jr.,* contended that no matter of extenuation or justification could be given in evidence under the plea of not guilty, which puts in issue only the speaking of the words. If words be spoken on a justifiable occasion, it must be pleaded specially. (3 *Com. Law Rep.* 177; 21 *Ibid* 69, 72; 3 *Harr. Rep.* 377; *Ros. Ev.* 293.)

But the court admitted the evidence, in mitigation of damages, on the authority of Leicester *vs.* Walter, 2 *Camp.* 251; and ——— *vs.* Moore, 1 *M. & S.* 284; and it seemed to them reasonable, that although a man may not *justify* the uttering a slander, nor attempt to prove its *truth* upon a plea of not guilty, yet with a view to mitigate the damages and disprove malice, he might show that before the uttering the slander by the defendant, it was generally reported and spoken of by others.   Verdict for plaintiff $200.

*Robinson, Bayard, jr.,* and *Layton,* for plaintiff.

*Cullen* and *Saulsbury,* for defendant.